Nott, J.
delivered the opinion of the Court.
There is no question perhaps, on which it would be more difficult to reconcile the decisions, both in England and the United States, .than the one now under consideration. The rule, that a written contract cannot be contradicted, varied, or explained by parol, is coeval with the first principles of the common law. It has been frequently recognized by our Courts, and held to apply as well to simple contracts as to deeds.
And it would be difficult to give a reason for any distinction. A simple writing can no more change by time than a deed, and it furnishes the same same security against the treachery of “ slippery memory.” A receipt for money, it is said forms an exception to the general rule; and some of the cases have gone very far on that subject, and perhaps our Courts have discovered an inclination to go that way. But I think it is time to stay our hand. We must not suffer a rule of such universal application, and one founded on the.soundest principles of philosophy and good sense, to be invaded. We have suffered accounts to be examined which had been closed by a receipt, for the purpose of detecting and correcting errors. But we have never suffered a receipt to be directly contradicted. In the case of M'Dowall & Black v. Lemaitre, 2 M‘C. 320, it was held, that a receipt was to be received as prima facie evidence of what it purported, and that the party who would impeach it must show some error or mistake in the settlement. I still-remain satisfied with the rule there laid down, and am not disposed to extend it farther. Nor do I see any good reason why a bill of lading should not be governed by the same rule. To suffer a person to contradict his own written declaration, would go to destroy all the security intended to he afforded by written instruments. Every instrument of writing, however, must be construed with reference to the object of its execution. A bill of lading implies nothing more *179 than that the articles were, in appearance, in'good order. It does not extend to the quality of the material in which it is enveloped, or to secret defects of the article itself. It would therefore have been competent for the plaintiff to have shown, in this instance, that the bagging was rotten, so that it could not sustain the ordinary exposure of the voyage, or that the cotton was damaged within. The evidence offered was that the bags appeared, when received, to be in the same ruinous condition as when they were delivered, which went to contradict the written declaration of the party himself, and was therefore properly rejected.
The Court concur in the view of the subject which has been taken by the Recorder, and the motion is therefore refused.